**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CSL BEHRING LLC,

     *Plaintiff,*
     v.

PARAGON INTERNATIONAL, INC. d/b/a
PARAGON GLOBAL CRS,

     *Defendant.*

Case No. 2:26-CV-2704

**JURY TRIAL DEMANDED**

**COMPLAINT**

CSL Behring LLC (CSL Behring or Plaintiff) brings this action against Paragon International, Inc. d/b/a Paragon Global CRS (Paragon or Defendant) for Paragon's breach of three service agreements for studies identified as CSL222_3001, CSL222_3003, and CSL222_3005 (collectively, the "Agreements") and for other torts, as follows:

**NATURE OF THE ACTION**

1.     CSL Behring is a leading global biotherapeutics company that develops and delivers innovative treatments for immunology, hematology, cardiovascular, and metabolic respiratory and transplant conditions.

2.     CSL Behring conducts clinical studies ranging from early-phase safety trials to large-scale efficacy, post-marketing studies, primarily focused on rare diseases, plasma-derived therapies, recombinant protein treatments, and real-world evidence collection.

3.     To facilitate these clinical program studies, CSL Behring engages specialized companies to provide patient support services and logistics.

4. Between November 1, 2022, and June 1, 2023, CSL Behring entered into the Agreements with Paragon, under which Paragon agreed to provide logistical support for three clinical studies, including program setup, document and portal development, travel, reimbursement coordination, special needs support, study drug delivery, and site training (collectively, Patient Concierge Services).

5. Under the Agreements, CSL Behring made advance payments to pre-fund a portion of the Patient Concierge Services anticipated to be provided by Paragon during the course of each study.

6. In June 2025, following the termination of the Agreements, CSL Behring requested that Paragon promptly submit final invoices and financial reconciliations in accordance with the Agreements' terms.

7. In January 2026, after lengthy delays, Paragon finally provided financial reconciliations confirming that CSL Behring is entitled to a total refund of $182,611.94 across the three Agreements for funds that were pre-paid by CSL Behring but exceeded the cost of the Patient Concierge Services actually rendered.

8. Despite Paragon's confirmation of the refund amount and its agreement to remit payment promptly thereafter, Paragon has failed to remit the funds owed.

**THE PARTIES**

9. Plaintiff CSL Behring is a limited liability company organized under the laws of Delaware, with its principal place of business in King of Prussia, Pennsylvania. CSL Behring's sole member is CSLB Holdings, Inc., a corporation organized under the laws of Delaware with its principal place of business in Pennsylvania.

10. Defendant Paragon is a corporation organized under the laws of North Carolina, with its principal place of business in Wilmington, North Carolina.

2

**JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because CSL Behring and Paragon are citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.

12.     This Court has personal jurisdiction over Paragon because, among other things, Paragon (1) purposefully established minimum contacts with Pennsylvania by contracting with and conducting substantial business transactions with CSL Behring in the Commonwealth of Pennsylvania, and (2) expressly consented to the jurisdiction of this Court in the Agreements.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred here, and because the parties have agreed that this District and the Pennsylvania Court of Common Pleas for Montgomery County shall be the sole and exclusive venues for disputes arising out of or relating to the Agreements.

**FACTUAL ALLEGATIONS**

**The Agreements**

14.     On or about November 1, 2022, CSL Behring and Paragon executed the CSL222_3001 Services Agreement (the 3001 Agreement), which became effective that same day. A copy of the 3001 Agreement is attached to this Complaint as Exhibit A.

15.     On or about June 1, 2023, CSL Behring and Paragon executed the CSL222_3003 Services Agreement (the 3003 Agreement) which became effective that same day. A copy of the 3003 Agreement is attached to this Complaint as Exhibit B.

16.     On or about June 1, 2023, CSL Behring and Paragon executed the CSL222_3005 Services Agreement (the 3005 Agreement) which became effective that same day. A copy of the 3005 Agreement is attached to this Complaint as Exhibit C.

3

17. In each of the Agreements, in exchange for mutual promises and consideration, Paragon agreed to provide Patient Concierge Services for CSL Patient Programs, including Pre-Program Services, Ongoing Services, and Post-Program Services (collectively, the Services).

18. In return for these services, CSL Behring agreed to pay Paragon according to a specified budget and payment schedule (the Payment Schedule) in each Agreement.

19. The term of each Agreement was set to expire when "[Paragon] shall have completed performance of the Services and CSL Behring shall have accepted all associated Deliverables," unless terminated earlier.

20. Each Agreement gave CSL Behring the right to terminate for convenience, effective immediately, at any time upon notice to Paragon.

21. The Payment Schedules for the 3003 Agreement and 3005 Agreement provided: "Following completion of the Services in their entirety, any remaining balance for actual fees incurred, shall be paid within thirty (30) days following receipt of invoice. In the event CSL [Behring] is owed a refund due to overpayment, such refund payment shall be made within thirty (30) days of completion of Services."

22. Between November 1, 2022 and June 9, 2025, Paragon provided Patient Concierge Services under the 3001 Agreement, and CSL Behring rendered payment to Paragon, including advance payments, as required by the Payment Schedule.

23. Between June 1, 2023 and June 10, 2025, Paragon provided Patient Concierge Services under the 3003 Agreement and 3005 Agreement, and CSL Behring rendered payment to Paragon, including advance payments, as required by the Payment Schedules.

24. CSL at all times fulfilled all of its obligations under the Agreements.

25.     On or about June 9, 2025, CSL Behring provided written notice to Paragon that because the CSL222_3001 study had reached database lock and was nearing formal study closure, Paragon should submit final invoices under the 3001 Agreement by August 2025.

26.     On or about June 10, 2025, CSL Behring provided written notice to Paragon that it was exercising its contractual rights to terminate the 3003 Agreement and 3005 Agreement for convenience, effectively immediately, and requested that Paragon contact CSL Behring "to discuss the orderly wind-down of the Agreement[s], discharge of obligations, and transfer of responsibilities for the services."

**Paragon Concedes the Amounts Owed to CSL Behring**

27.     In November 2025, having received no information from Paragon about amounts owed to or from Paragon in connection with a final reconciliation under the 3003 Agreement and the 3005 Agreement, CSL Behring requested, in writing, "a complete accounting of all monies and return of unspent or unused funds" for the 3003 Agreement and the 3005 Agreement.

28.     On January 9, 2026, by email, Paragon provided a final reconciliation for the 3001 Agreement to CSL Behring.

29.     The 3001 Agreement reconciliation stated that CSL Behring had pre-paid $90,000, but incurred only $68,089.67 in fees and costs, such that Paragon owed CSL Behring a refund of $21,910.33 under the 3001 Agreement.

30.     On January 14, 2026, by email, Paragon provided final reconciliations for the 3003 Agreement and the 3005 Agreement to CSL Behring.

31.     The 3003 Agreement reconciliation stated that CSL Behring had pre-paid $127,965.40, but incurred only $28,657.98 in fees and costs, such that Paragon owed CSL Behring a refund of $99,307.42 under the 3003 Agreement.

5

32.     The 3005 Agreement reconciliation stated that CSL Behring had pre-paid $108,724.80, but incurred only $47,330.61 in fees and costs, such that Paragon owed CSL Behring a refund of $61,394.19 under the 3005 Agreement.

33.     As a result, collectively under the three Agreements, Paragon owes CSL Behring a refund of $182,611.94.

34.     On January 22, 2026, a Paragon accounting specialist reassured CSL Behring that Paragon would make the refunds "as soon as possible" via ACH or wire transfer.

### Paragon Fails to Pay Amounts Owed

35.     Between January 23, 2026 and present, CSL Behring has contacted various Paragon employees and officers on at least five occasions to demand repayment of the amounts owed to CSL Behring per Paragon's own reconciliation calculations under the Agreements.

36.     Paragon has not responded to any of this outreach, and has failed to refund any portion of the $182,611.94.

37.     As a direct result of these ongoing breaches of the Agreements and Paragon's wrongful withholding of its funds, CSL Behring has suffered significant harm: deprivation of rightful funds, diversion of resources toward collection efforts, disruption to business operations, and unnecessary administrative burden, all wholly attributable to Paragon's willful failure to fulfill its basic contractual duties.

### COUNT I - Breach of Contract
### (CSL222_3001 Services Agreement)

38.     CSL Behring incorporates the preceding paragraphs of this Complaint by reference, as if fully set forth herein.

39.     Paragon entered into the 3001 Agreement with CSL Behring, agreeing to provide Patient Concierge Services in exchange for good and valuable consideration.

6

40.    CSL Behring fulfilled its obligations under the 3001 Agreement.

41.    CSL Behring lawfully terminated the 3001 Agreement on or about June 9, 2025, triggering Paragon's obligation to perform a final reconciliation and return any overpaid funds.

42.    Paragon's financial reconciliation for the 3001 Agreement acknowledged that Paragon owes a refund of $21,910.33 to CSL Behring.

43.    Paragon materially breached its obligations under the 3001 Agreement by failing to remit to CSL Behring the refund amount owed pursuant to the 3001 Agreement.

44.    This material breach remains uncured and is ongoing.

45.    As a result of Paragon's breach, CSL Behring has suffered damages in the amount of $21,910.33, lost interest on those funds, and additional costs including, but not limited to, attorneys' fees in an amount to be proven at trial.

**WHEREFORE**, CSL Behring prays for relief as hereinafter set forth.

## <u>COUNT II - Breach of Contract</u>
### (CSL222_3003 Services Agreement)

46.    CSL Behring incorporates the preceding paragraphs of this Complaint by reference, as if fully set forth herein.

47.    Paragon entered into the 3003 Agreement with CSL Behring, agreeing to provide Patient Concierge Services in exchange for good and valuable consideration.

48.    The 3003 Agreement is a valid contract under which Paragon agreed, among other obligations, to refund any overpayments due to CSL Behring within thirty (30) days of completion of services.

49.    CSL Behring fulfilled its obligations under the 3003 Agreement.

50.     CSL Behring lawfully terminated the 3003 Agreement for convenience on or about June 10, 2025, triggering Paragon's obligation to perform a final reconciliation and return any overpaid funds.

51.     Paragon's financial reconciliation for the 3003 Agreement acknowledged that Paragon owes a refund of $99,307.42 to CSL Behring.

52.     Paragon materially breached its obligations under the 3003 Agreement by failing to remit to CSL Behring the refund amount owed pursuant to the 3003 Agreement.

53.     This material breach remains uncured and is ongoing.

54.     As a result of Paragon's breach, CSL Behring has suffered damages in the amount of $99,307.42, lost interest on those funds, and additional costs including, but not limited to, attorneys' fees in an amount to be proven at trial.

WHEREFORE, CSL Behring prays for relief as hereinafter set forth.

## COUNT III - Breach of Contract
### (CSL222_3005 Services Agreement)

55.     CSL Behring incorporates the preceding paragraphs of this Complaint by reference, as if fully set forth herein.

56.     Paragon entered into the 3005 Agreement with CSL Behring, agreeing to provide Patient Concierge Services in exchange for good and valuable consideration.

57.     The 3005 Agreement is a valid contract under which Paragon agreed, among other obligations, to refund any overpayments due to CSL Behring within thirty (30) days of completion of services.

58.     CSL Behring fulfilled its obligations under the 3005 Agreement.

8

59. CSL Behring lawfully terminated the 3005 Agreement for convenience on or about June 10, 2025, triggering Paragon's obligation to perform a final reconciliation and return any overpaid funds.

60. Paragon's financial reconciliation for the CSL222_3005 program acknowledged that Paragon owes a refund of $61,394.19 to CSL Behring.

61. Paragon materially breached its obligations under the 3005 Agreement by failing to remit to CSL Behring the refund amount owed pursuant to the 3005 Agreement.

62. This material breach remains uncured and is ongoing.

63. As a result of Paragon's material breach, CSL Behring has suffered damages in the amount of $61,394.19, lost interest on those funds, and additional costs including, but not limited to, attorneys' fees in an amount to be proven at trial.

**WHEREFORE**, CSL Behring prays for relief as hereinafter set forth.

## COUNT IV - Unjust Enrichment (in the alternative)

64. CSL Behring incorporates the preceding paragraphs of this Complaint by reference, as if fully set forth herein.

65. Paragon has unlawfully retained funds in the amount of $182,611.94, which is the difference between the total payment advanced by CSL Behring to Paragon and the actual fees and costs incurred by Paragon for services rendered following final reconciliations.

66. By wrongfully retaining these funds, Paragon continues to benefit financially at CSL Behring's expense and has caused significant harm to CSL Behring.

67. Upon information and belief, Paragon has derived profits from its improper retention of funds that rightfully belong to CSL Behring.

9

68.     By reaping the benefits of funds rightfully belonging to CSL Behring and refusing to undertake its responsibilities and duties owed to CSL Behring in connection with the return of those funds, Paragon has retained a benefit, the retention of which would be inequitable.

**WHEREFORE**, in the alternative to its claims for breach of contract, CSL Behring prays for relief as hereinafter set forth.

### COUNT V – Conversion (in the alternative)

69.     CSL Behring incorporates the preceding paragraphs of this Complaint by reference, as if fully set forth herein.

70.     CSL Behring entrusted Paragon with a deposit of funds, advancing money for the specific purpose of covering costs incurred by Paragon in its provision of services to CSL Behring. These funds remained the property of CSL Behring except to the extent that they were properly applied to actual fees and costs incurred by Paragon.

71.     After completion of its services, Paragon failed to return $182,611.94 in overpaid funds, thereby depriving CSL Behring of its right to possess and use this identifiable sum of money.

72.     Paragon's conversion of funds beyond those necessary for legitimate fees and costs incurred by Paragon occurred without the consent or authorization of CSL Behring.

73.     Paragon's retention and continued control over these funds is without lawful justification or excuse, and constitutes an exercise of wrongful dominion and control over property rightfully belonging to CSL Behring.

**WHEREFORE**, in the alternative to its claims for breach of contract, CSL Behring prays for relief as hereinafter set forth.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff CSL Behring respectfully requests that this Court:

(i)     Enter a judgment in favor of CSL Behring and against Paragon in the amount of $182,611.94, together with costs, pre- and post-judgment interest, and reasonable attorney's fees; and

(ii)    Award CSL Behring such other and further relief as in law and justice as it may be entitled to receive.


Date: April 23, 2026

*/s/ Thomas F. Burke*
Thomas Burke, PA No. 320311
Travis Watson, PA No. 330753
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor,
Philadelphia, PA 19103-7599
T: (215) 665–8500
F: (215) 864–8999
BurkeT@ballardspahr.com
WatsonTW@ballardspahr.com

*Counsel for Plaintiff CSL Behring LLC*